IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAN F. BECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-547-GMS |
| | ) |
| ATTORNEY GENERAL OF OHIO, MARC | ) |
| DANN, J. PETRO, B. MONTGOMERY, | ) |
| LEE FISHER, HUDSON, G. W. BUSH, | ) |
| PAUL D. CLEMENT, A. GONZALES, | ) |
| J. ASHCROFT, UNITED WAY OF | ) |
| DELAWARE, COLM F. CONNOLLY, | ) |
| R. ANDREWS, JOSEPH R. BIDEN | ) |
| III, RUTH ANN MINNER, AL | ) |
| ROCANELLI, R.A. GLEN, R. MARKS, | ) |
| R. J. GEISENBERGER, M. DENN, | ) |
| T. MACLEISH, H. SMITH WINDSOR, | ) |
| P.T. CARTER, MYRON T. STEELE, | ) |
| J. MCKINNEY-CHERRY, G. BURKE, | ) |
| CAROLYN HEARD, JOSEPH R. BIDEN | ) |
| JR., THOMAS R. CARPER, and | ) |
| MICHAEL CASTLE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff, Jan F. Becker ("Becker"), an inmate at Mansfield Correctional Institution, Mansfield, Ohio filed this lawsuit alleging constitutional violations. He appears *pro se*. In addition to his complaint, Becker filed an application to proceed without prepayment of fees. (D.I. 1.)

For the reasons discussed below, the court will grant the application to proceed without prepayment of fees and will dismiss the complaint as frivolous and for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## II. BACKGROUND

Becker's complaint contains a number of allegations, all seeming to revolve around his Ohio criminal conviction and three life sentences. Becker alleges he is a political prisoner of the United Way kidnapped and held in a state prison for seven years during the Bush administration. Becker alleges this occurred "with double falsified FBI and BCI prison records, without due process, habeas corpi or appeals with judges in plot to kill for hire by president, concealing Iraqi Invasion Scandal." He names as defendants various state and federal officials, many of whom are not mentioned in the complaint.

## III. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson*

*v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). However, fantastical or delusional claims that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). *See Denton v. Hernandez,* 504 U.S. 5, 33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## IV. ANALYSIS

To the extent that Becker attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). He cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Wallace v. Kato,* –U.S.–, 127 S.Ct. 1091, 1097 (2007) (citing *Heck,* 512 U.S. at 486-87.) The cause of action accrues at the time the imprisonment is invalidated. *Gibson v. Superintendent of N.D. Dep't of Law Public Safety Div.,* 411 F.3d 427, 435 (3d Cir. 2005); *see also Wallace,* 127 S.Ct. at 1091 (cause of action accrues when plaintiff is able to "file suit and obtain relief."). Becker has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by *Heck*.

Moreover, Becker fails to state a claim for a constitutional violation under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971). Even if he had, some of the defendants are not state or federal actors. Further the defendants who are state or federal actors are immune from suit, either by way of Eleventh Amendment immunity, sovereign immunity, legislative immunity, and prosecutorial immunity.

Finally, Becker's allegations are baseless and fail to establish that he has been deprived of a constitutionally or federally protected right. Therefore, the court will dismiss his complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V.     CONCLUSION

Based upon the foregoing analysis, the complaint is dismissed without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v.*

*Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

/s/ _____
UNITED STATES DISTRICT JUDGE

Oct. 11, 2007
Wilmington, Delaware



FILED
OCT 1 1 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAN F. BECKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-547-GMS |
| | ) |
| ATTORNEY GENERAL OF OHIO, MARC | ) |
| DANN, J. PETRO, B. MONTGOMERY, | ) |
| LEE FISHER, HUDSON, G. W. BUSH, | ) |
| PAUL D. CLEMENT, A. GONZALES, | ) |
| J. ASHCROFT, UNITED WAY OF | ) |
| DELAWARE, COLM F. CONNOLLY, | ) |
| R. ANDREWS, JOSEPH R. BIDEN | ) |
| III, RUTH ANN MINNER, AL | ) |
| ROCANELLI, R.A. GLEN, R. MARKS, | ) |
| R.J. GEISENBERGER, M. DENN, | ) |
| T. MACLEISH, H. SMITH WINDSOR, | ) |
| P.T. CARTER, MYRON T. STEELE, | ) |
| J. MCKINNEY-CHERRY, G. BURKE, | ) |
| CAROLYN HEARD, JOSEPH R. BIDEN | ) |
| JR., THOMAS R. CARPER, and | ) |
| MICHAEL CASTLE, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

At Wilmington this 11th day of Oct, 2007, for the reasons set forth in the Memorandum issued this date:

1. The application to proceed without prepayment of fees (D.I. 1) is **GRANTED**.

2. The complaint is **DISMISSED** for failure to state a claim upon which relief may be granted and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.



UNITED STATES DISTRICT JUDGE

FILED
OCT 11 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE